Welch, J.
I find from the totality of the circumstances that the Commonwealth has proven, by proof beyond a reasonable doubt, that the defendant’s statements were voluntary and that he knowingly waived his Miranda rights.
From the conflicting testimony, I make the following findings of fact based upon various credibility determinations. Six Lawrence police officers executed a search warrant at approximately 11:00 p.m. on February 12, 1997 at the defendant’s home (located in the second floor apartment of 444 Lowell Street, Lawrence, MA). When the police officers entered, they discovered the defendant in a closet off the back bedroom smoking a cigar in which marijuana had been inserted. This cigar-marijuana combination is called, in colloquial terms, a “blunt.” The evidence indicates that tire defendant was in the process of smoking this one blunt and that he had another, unsmoked, blunt in his possession. The defendant apparently began smoking this single marijuana cigar sometime after his mother had gone to bed in the same apartment at approximately 10:00 or 10:30 that evening.
The defendant had not smoked so much marijuana as to be intoxicated or unaware of his actions or statements. To the contrary, the defendant displayed no signs of intoxication. He was able to walk in a stable fashion, his eyes were not glassy, his speech was not slurred. The defendant did display some nervousness upon being apprehended by the police while smoking *78 marijuana in his bedroom closet. This is perfectly understandable.
At the time, the defendant was a nineteen year old with prior experience with law enforcement. The defendant had been convicted of one prior felony.
The Lawrence police officers performed a sweep of the apartment to be searched, namely the second floor apartment at 444 Lowell Street in Lawrence. During this protective sweep, they not only located the defendant in a closet but they also located the defendant’s mother (named Maria Rodriguez) sleeping in another bedroom and a teenage female in the kitchen with a young boy of approximately ten years of age. All of the occupants of the apartment were taken into the kitchen and ordered to sit on the floor during the search of the apartment. None of the occupants were handcuffed.
A quick search of the mother’s room produced rather dramatic results. Over thirty bags of heroin were found in the bureau located in Ms. Rodriguez’s room. In addition, a shotgun was found in her closet. The bags of heroin, the shotgun, the marijuana cigars, and other related evidence, was collected by the police and placed on the kitchen table. The occupants of the apartment, including the defendant, could observe the police placing this incriminating evidence on the kitchen table. Once the illegal drugs and shotgun were found, the Lawrence police began to ask general questions of the occupants of the apartment. These questions included asking the names of the individuals, whether they lived in the apartment, and whether they spoke English. The defendant speaks fluent English.
One of the Lawrence police officers, a Sergeant Carroll, then asked the defendant’s mother, Maria Rodriguez, to leave the kitchen and come back to a back bedroom to answer some questions. She did so and denied possession of any heroin or shotgun found in her bedroom. Thereupon, Sergeant Carroll and Maria Rodriguez returned to the kitchen. At about this time, another of the Lawrence police officers, a Detective Burokas, made a comment to the effect that it was his opinion that they arrest the defendant’s mother Maria Rodriguez for the illegal possession of the heroin and the shotgun.
After Detective Burokas made this comment within the hearing of the defendant, Detective Burokas and Sergeant Carroll lead the defendant back to his bedroom. Once in the back bedroom, Detective Burokas read the defendant his Miranda rights from a laminated card. The defendant, who had previously stated that he understood English nodded at the end of each right which was read to him. When asked if he understood these rights by Detective Burokas, the defendant answered in the affirmative. The defendant then answered yes to the question whether he wished to speak to the police officers. The defendant then told Detective Burokas and Sergeant Carroll that the gun and drugs had been left by his friend Damon Gonzalez in the apartment and both he and Damon were going to sell heroin from the apartment. The defendant also added that his mother had nothing to do with the heroin being in the apartment.
There was nothing unduly coercive about the questioning of the defendant. It is true that he was alone in a back bedroom with two plain clothes Lawrence police officers. It is also true that he was understandably nervous. He was not, in anyway impaired by smoking a small amount of marijuana. He was nineteen years of age and he had previous experience with the police. His statement was volunteered by the defendant and not the product of extensive questions by the police officers. The defendant plainly was concerned about his mother’s criminal exposure. This is evident from his statement. In that statement, he went out of his way to explain that his mother had nothing to do with the heroin being in the apartment. His concern undoubtedly was increased when he heard Detective Burokas mention that it was Detective Burokas’s view that they should arrest the mother. Given its timing, Detective Burokas’ statement obviously was intended to be heard by the defendant and was made in the hopes that it would induce the defendant to explain the presence of the guns and drugs. This is the type of police conduct that does raise an issue as to whether the subsequent statement was voluntary. Nevertheless, the defendant’s concern about his mother’s criminal exposure undoubtedly predated any statement by Detective Burokas because he observed the police discover the heroin and shotgun in this mother’s bedroom and bring them out to the kitchen. Likewise, no police officer ever made any explicit or implicit promise that Maria Rodriguez would not be arrested should the defendant talk.
At the time that the Lawrence police officers discovered the heroin in the bureau of Maria Rodriguez’s bedroom and a shotgun in her closet, they plainly had probable cause to arrest her for the illegal possession of such items. Announcing this self evident, truthful fact did not render any statements of the defendant involuntary nor did they effect his knowing waiver of his Miranda rights. Commonwealth v. Berg, 37 Mass. App. 200, 203-06 (1994). “That the defendant might have had a motive to protect his mother is not sufficient to find his confession involuntary.” Id. at 206.
Therefore, this Court denies the defendant’s motion to suppress statements and finds, beyond a reasonable doubt, that these statements were made voluntarily and after the defendant had knowingly and intelligently waived his Miranda rights.